IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AETNA, INC.                      : CIVIL ACTION
                                 :
     vs.                         :
                                 : NO. 06-CV-2245
ROBERT J. JONES, CAVITAT         :
MEDICAL TECHNOLOGIES, INC.,      :
WALTER L. GERASH LAW FIRM,       :
P.C., WALTER L. GERASH,          :
ANDREW B. REID, JAMES F.         :
SCHERER, CARLOS F. NEGRETE       :
and LAW OFFICES OF CARLOS F.     :
NEGRETE                          :

## MEMORANDUM AND ORDER

**JOYNER, J.**                              **January 24, 2007**

This is an action in interpleader which has been brought
before the court on the defendants' motions to dismiss or, in the
alternative to transfer venue.[1]  For the reasons outlined as
follows, the motions of Cavitat, Jones and Negrete are denied and
the motion of Gerash, Reid and Scherer is granted in part and
denied in part.

## Factual Background

This case arises out of another lawsuit filed in August,
2004 by attorney-defendants Walter Gerash, Andrew Reid, James
Scherer and the Walter L. Gerash Law Firm (hereafter "the Gerash
Defendants") on behalf of defendants Robert Jones and Cavitat

---

[1]  Specifically, the motions which we now address are those numbered
11, 19 and 20 on the Court's docket.

Medical Technologies ("Cavitat Defendants") against Aetna in Colorado state court.  That action, which was subsequently removed by Aetna to the U.S. District Court for the District of Colorado, was eventually settled confidentially in April, 2006, which was some two months after the Gerash Defendants had withdrawn their appearances on the grounds that irreconcilable differences had arisen between them and their clients.  Carlos F. Negrete and his law firm ("Negrete Defendants") thereafter entered their appearances as counsel for the Cavitat Defendants in the Colorado action.

In conjunction with their representation, the Gerash Defendants had entered into a contingency fee agreement with the Cavitat Defendants.  The Cavitat Defendants apparently refused to honor this fee agreement and the Gerash Defendants therefore asserted a $515,852.19 statutory attorney's lien pursuant to Colorado state law against Aetna and the Cavitat and Negrete Defendants on the proceeds of the settlement of the first Colorado action between Cavitat, Jones and Aetna.  As Jones, Cavitat and Negrete continued to refuse to pay the Gerash Defendants their claimed fees, on May 11, 2006 the Gerash Defendants commenced a second action in the Colorado state District Court for the City and County of Denver against Negrete, Jones, Cavitat and Aetna seeking to enforce the statutory attorney's lien, and to hold the defendants liable under the

theories of breach of contract and unjust enrichment.   Aetna was served with that lawsuit on May 23, 2006 and commenced this action in interpleader on May 26, 2006 pursuant to 28 U.S.C. §1335 and Fed.R.Civ.P. 22.

In addition to seeking to have the defendants answer and interplead their claims to the attorneys' fees and costs at issue in the Colorado action, Aetna also seeks indemnity under common law and under the Settlement Agreement and Release for all damages, losses, costs and expenses which it incurs as a result of the Gerash lawsuit from Jones and Cavitat.  By their motions, the defendants seek to have this action dismissed for failure to state a claim, lack of jurisdiction and improper venue. Alternatively, Defendants ask that this Court abstain from exercising jurisdiction in this matter.[2]

### Standards Governing Rule 12(b)(2),(3) and (6) Motions

It has long been the rule that in considering motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Inv. Fund Mgmt., LLC, 305 F.3d 140, 142 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)(internal quotations omitted).  See Also: Ford v. Schering-

---

[2]  The Negrete and Cavitat defendants seek dismissal on Rule 12(b)(6) grounds and for lack of jurisdiction and improper venue.

<u>Plough Corp.</u>, 145 F.3d 601, 604 (3d Cir. 1998).  A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief may be granted.  <u>See</u>, <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004); <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims.  <u>In re Rockefeller Center Properties, Inc.</u>, 311 F.3d 198, 215 (3d Cir. 2002). Dismissal is warranted only "if it is certain that no relief can be granted under any set of facts which could be proved." <u>Gen. Refractories v. Fireman's Fund Ins.</u>, 337 F.3d 297, 303, n.1 (3d Cir. 2003); <u>Klein v. General Nutrition Companies, Inc.</u>, 186 F.3d 338, 342 (3d Cir. 1999)(internal quotations omitted).  It should be noted that courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint and legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  <u>In re Rockefeller</u>, 311 F.3d at 216.   A court may, however, look beyond the complaint to extrinsic documents when the plaintiff's claims are based on those documents.  <u>GSC Partners, CDO Fund v. Washington</u>, 368 F.3d 228, 236 (3d Cir. 2004); <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1426.  <u>See Also</u>, <u>Angstadt v. Midd-West School District</u>, 377 F.3d 338, 342

4

(3d Cir. 2004).

Although it is the plaintiff who bears the burden of demonstrating the facts that establish personal jurisdiction, in reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 368 (3d Cir. 2002), quoting <u>Carteret Savings Bank, FA v. Shushan</u>, 954 F.2d 141, 142, n.1 (3d Cir. 1992).  In contrast, it is the defendant who has the burden of showing that venue is improper.  <u>Cumberland Truck Equipment Co. V. Detroit Diesel Corp.</u>, 401 F.Supp.2d 415, 418 (E.D.Pa. 2005), citing <u>Myers v. American Dental Ass'n.</u>, 695 F.2d 716, 724 (3d Cir. 1982).  When reviewing a motion to dismiss for improper venue, a court must likewise accept the plaintiff's allegations as true and must draw all reasonable inferences and resolve all factual disputes in the plaintiff's favor.  <u>Id.</u>; <u>Quarles v. General Investment & Development Co.</u>, 260 F.Supp.2d 1, 8 (D.D.C. 2003).

### **Discussion**

1.  <u>12(b)(6) Motion to Dismiss Statutory Interpleader Claim</u>

Defendants first move to dismiss the Plaintiff's claim for interpleader under 28 U.S.C. §1335[3] on the grounds that it fails

---

[3]  Defendants do not move for dismissal under Rule 12(b)(6) of Aetna's alternative claim for interpleader under Fed.R.Civ.P. 22.

to state a claim upon which relief may be granted.

Interpleader is an equitable remedy which is intended to facilitate the joinder into one action of adverse claimants to a single fund to relieve the stakeholder of potential multiple liability.  Mesirov Gelman Jaffe Cramer & Jamieson, LLP v. SVD Realty, LP, Civ. A. No. 00-2107, 2001 U.S. Dist. LEXIS 1177 at * (E.D.Pa. Feb. 8, 2001) citing, *inter alia*, Sanders v. Armour Fertilizer Works, 292 U.S. 190, 199, 54 S.Ct. 677, 78 L.Ed. 1206 (1934) and Equitable Life Assurance Soc'y v. Porter-Englehart 867 F.2d 79, 89 (1st Cir. 1989).  See Also, Washington Elec. Corp., Inc. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993)("Rooted in equity, the interpleader is a handy tool to protect a stakeholder from multiple liability..."); Lamarche v. Metropolitan Life Insurance Company, 236 F.Supp.2d 50, 55 (D.Me. 2002)("It has been said that the §1335 interpleader action exists to prevent the stakeholder from having to defend more than one action--it does not exist to prevent the stakeholder from having to be a party in any action or from having to defend independent claims..."); Bear Stearns Security Corp. v. 900 Capital Services, Inc., 204 F.Supp.2d 538, 540 (E.D.N.Y. 2002); Rubinbaum LLP v. Related Corporate Partners V, L.P., 154 F.Supp.2d 481, 486 (S.D.N.Y. 2001)("The purpose of a statutory interpleader action is to avoid the problem of multiple, conflicting claims to a single fund by forcing all 'claimants' to resolve their claims in

one action").

As the complaint in this matter reflects, interpleader actions may be commenced under federal jurisprudence pursuant to either statute or rule.  The Supreme Court has said that the interpleader statute is "remedial and to be liberally construed." State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 534, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270, 277 (1967).  To commence a "statutory" interpleader, a plaintiff must comply with the requirements of the statute, 28 U.S.C. §1335, which reads as follows:

> **(a)** The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> > (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject

matter of the controversy.

**(b)** Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

Section 1335 thus requires the existence of five elements before interpleader relief is appropriate: the interpleader action must be brought by a stakeholder who has "custody or possession" of the funds that constitute the fund to be distributed; the action must concern the minimal jurisdictional amount of $500; there must be two or more adverse claimants asserting a right to the fund; the adverse claimants must be of diverse citizenship as defined in 28 U.S.C. §1332; and the full amount disputed must be deposited in the court registry or a bond given made payable to the clerk of courts in the appropriate amount. New York Life Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 374 (3d Cir. 1995); Bankers Trust Company of Western New York v. Crawford, 559 F.Supp. 1359, 1361 (W.D.N.Y. 1983). Interpleader *jurisdiction* is not dependent on the merits of the respective underlying claims. Bankers Trust, supra, at 1361 citing, *inter alia*, Hunter v. Federal Life Insurance Co., 111 F.2d 551, 556 (8th Cir. 1940). *In accord*, Bank of New York v. Rubin, Civ. A. No. 05-CIV. 4926, 2006 U.S. Dist. LEXIS 10215 at *14-*15 (S.D.N.Y. March 15, 2006).

In reviewing the plaintiff's complaint here, we observe that it alleges that Aetna is an "innocent stakeholder" with respect

8

to the "yet unpaid settlement proceeds," and that the "[d]efendants assert conflicting and contending claims in excess of $75,000 to all or part of the alleged settlement proceeds, if any." (Complaint, ¶27).   We thus find that the complaint sufficiently alleges that the plaintiff is a stakeholder in custody or possession of settlement proceeds in excess of $75,000 to which conflicting claims are being asserted, *to wit,* over $515,000 in attorney's fees.  (Complaint, ¶s 19-25).  We further find that the complaint alleges that diverse citizenship exists between Defendants Robert Jones, Walter Gerash, Andrew Reid, James Scherer and Carlos Negrete in that Jones is a citizen of Texas, Gerash, Reid and Scherer are citizens of Colorado and Negrete is a citizen of California.  Although Cavitat Medical Technologies is alleged to have been incorporated in Colorado with its principal place of business in Texas, it is also alleged to no longer be a corporation in good standing in either state. (Complaint, ¶s2-8).   Aetna further avers that, to the extent that Jones and Cavitat agreed in the settlement agreement to indemnify and defend it, it too is a claimant to the fund which it contends it "will deposit with the Clerk of the Court...in a form acceptable to the Court."  (Complaint, ¶s 25, 33-35).  For purposes of a Rule 12(b)(6) motion, we therefore find that the complaint is adequate to state a claim upon which relief may be granted under Section 1335.

    2.  <u>Motion to Dismiss for Lack of Jurisdiction and/or</u>
<u>Improper Venue</u>

Courts generally consider the issue of personal jurisdiction before addressing the issue of proper venue, although a court may first analyze the question of venue when "the resolution of the venue issue 'resolves the case before the Court." <u>Cumberland Truck Equipment Co.</u>, 401 F.Supp.2d at 419, quoting <u>Lomanno v. Black</u>, 285 F.Supp.2d 637, 640 (E.D.Pa. 2003) and citing, *inter alia*, <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)("The question of personal jurisdiction, which goes to the court's power to exercise control over parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum.")  In this case, however, it does not appear that the venue issue is dispositive and we shall therefore first address the defendants' challenge to this court's personal jurisdiction over them.  Our analysis on this point shall be very brief given that the defendants themselves appear to recognize that this Court has personal jurisdiction over them, at least as to the statutory interpleader claim.[4]

As is observed by the Gerash defendants at page 5 of their Reply Brief in Support of Motion to Dismiss or for Change of

---

    [4]  Given our finding that personal jurisdiction exists as to the statutory interpleader claim and our ultimate resolution of the defendants' motions, both *infra*, we do not reach the question of whether personal jurisdiction exists as to the Plaintiff's Rule interpleader claim.

Venue, "... there is nationwide personal jurisdiction over the
... defendants on Aetna's §1335 interpleader claim, by virtue of
28 U.S.C. §2361."  This concession appears appropriate in light
of the Third Circuit's holding that "a federal court's personal
jurisdiction may be assessed on the basis of the defendant's
national contacts when the plaintiff's claim rests on a federal
statute authorizing nationwide service of process."  Pinker v.
Roche Holdings, 292 F.3d at 369.  In such cases, a court should
look at the extent to which the defendant "availed himself of the
privileges of American law and the extent to which he could
reasonably anticipate being involved in litigation in the United
States."  Pinker, 292 F.3d at 370, quoting Max Daetwyler Corp. v.
Meyer, 762 F.2d 290, 295 (3d Cir. 1985).  Given that "a federal
court sits as a unit of the national government..., the
territorial limitations that apply to the exercise of state court
jurisdiction or, for that matter, federal jurisdiction in
diversity cases, are inapposite."  Pinker, 292 F.3d at 369,
citing IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 258-59
(3d Cir. 1998) and Max Daetwyler, 762 F.2d at 294.

      Under 28 U.S.C. §2361, it is clear that §1335 statutory
interpleader enables a plaintiff to employ nationwide service of
process in that it specifically provides:

      "[i]n any civil action of interpleader or the nature of
      interpleader under section 1335 of this title, a district
      court may issue its process for all claimants and enter its
      order restraining them from instituting or prosecuting any

> proceeding in any State or United States court affecting the
> property, instrument or obligation involved in the
> interpleader action until further order of the court. Such
> process and order shall be returnable at such time as the
> court or judge thereof directs and shall be addressed to and
> served by the United States marshals for the respective
> districts where the claimants reside or may be found. Such
> district court shall hear and determine the case, and may
> discharge the plaintiff from further liability, make the
> injunction permanent, and make all appropriate orders to
> enforce its judgment."

State Farm v. Tashire, 386 U.S. at 529, n.3, 87 S.Ct. at 1203,

n.3; New York Life, 72 F.3d at 375. From this, it is clear that

this Court has sufficient personal jurisdiction over the

defendants and their Rule 12(b)(2) motion is therefore denied.

We turn now to the question of whether venue in this

district is proper.

Venue in statutory interpleader actions is governed by 28

U.S.C. §1397 and permits such actions to be brought in the

judicial district where any claimant resides. State Farm, 386

U.S. at 529, n.3, 87 S.Ct. at 1203, n. 3; Aegis Security

Insurance Co. v. Contract Dewatering Services, Inc., Civ. A. No.

1:06-CV-540, 2006 U.S. Dist. LEXIS 29694 at *5 (M.D.Pa. May 4,

2006). Rule 22 does not contain any specific reference to venue

and it thus appears that the general principles governing venue

set forth in 28 U.S.C. §1391 apply.

Specifically, §1397 and Rule 22 read as follows:

**§1397.  Interpleader**

"Any civil action of interpleader or in the nature of
interpleader under section 1335 of this title may be brought

in the judicial district in which one or more of the
claimants reside."

**Rule 22.  Interpleader**

(1) Persons having claims against the plaintiff may be
joined as defendants and required to interplead when their
claims are such that the plaintiff is or may be exposed to
double or multiple liability.  It is not ground for
objection to the joinder that the claims of the several
claimants or the titles on which their claims depend do not
have a common origin or are not identical but are adverse to
and independent of one another, or that the plaintiff avers
that the plaintiff is not liable in whole or in part to any
or all of the claimants.  A defendant exposed to similar
liability may obtain such interpleader by way of cross-claim
or counterclaim.  The provisions of this rule supplement and
do not in any way limit the joinder of parties permitted in
Rule 20.

(2) The remedy herein provided is in addition to and in no
way supersedes or limits the remedy provided by Title 28,
U.S.C., §§1335, 1397, and 2361.  Actions under those
provisions shall be conducted in accordance with these
rules.

In this case, Aetna avers that it too is a "claimant" to the

funds which it seeks to interplead by virtue of the indemnity

clause of the settlement agreement which it executed with the

Cavitat and Negrete defendants.  Although the Gerash defendants

assert that these allegations are not sufficient to confer upon

Aetna "claimant" status, it has failed to cite this Court to any

binding authority to support this argument.  Likewise, our

independent research has failed to uncover any such authority and

we are left to conclude that this is an open question in this

13

Circuit.[5]  In as much as we are required on a Rule 12(b)(3) motion to accept the plaintiff's allegations as true and to draw all reasonable inferences and resolve all factual disputes in the plaintiff's favor, we shall hold that venue properly lies here under the preceding statutes.[6]

   3.  <u>Motion for Abstention</u>

   Finally, Defendants ask that this Court exercise its discretionary authority to decline to exercise jurisdiction and dismiss this matter in favor of the proceedings in the Colorado state court system.

   As a general rule, "the federal district courts have a virtually unflagging obligation ... to exercise the jurisdiction given them ..." <u>IFC Interconsult v. Safeguard International Partners, LLC</u>, 438 F.3d 298, 305 (3d Cir. 2006) quoting <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  Thus, "abstention

---

   [5]  Indeed, Wright and Miller suggest that while at one time, a "pure" or "strict" bill of interpleader required that the stakeholder not have or claim any interest in the subject matter of the interpleader, that pre-requisite no longer appears to be required. <u>See</u>, <u>Wright, Miller & Kane</u>, *Federal Practice and Procedure: Civil 3d* §1701, at pp. 525-526 (2001).

   [6]  We further find that venue appears appropriate under 28 U.S.C. §1391(b) given that Aetna is in possession of the funds at issue:

      A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

from the exercise of federal jurisdiction is the exception, not the rule...; [i]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a state court could entertain it." Colorado River, 424 U.S. at 813-814, 96 S.Ct. at 1244, quoting Alabama Pub. Serv. Comm'n. v. Southern R. Co., 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002, 1015 (1951).   Nonetheless, several doctrines of abstention[7] have evolved which allow the district courts to decline to hear cases over which they have jurisdiction.   New York Life, 72 F.3d at 376.

In New York Life, supra, the Third Circuit Court of Appeals specifically addressed which standard should apply to a district court's decision to dismiss an interpleader action commenced under Section 1335 in favor of parallel state court proceedings. In that case, New York Life Distributors, Inc. filed a complaint in interpleader alleging that it was acting as the administrator

---

[7]   The Supreme Court has recognized certain circumstances under which a federal court's abstention from the exercise of its jurisdiction may be appropriate in, among others, the following cases: Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Colorado River Water Conservation District v. United States, supra.   Pullman abstention is proper when a state court determination of a question of state law might moot or change a federal constitutional issue.   Burford abstention applies when questions of state law in which the state has expressed a desire to establish a coherent policy on a matter of substantial public concern are raised.   Abstention under Younger is appropriate where, in the absence of bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked to restrain state criminal proceedings.   See, New York Life, 72 F.3d at 376, n.8.   Finally, the courts should abstain under Colorado River where considerations which concern the efficient administration of judicial resources and the comprehensive disposition of cases militate in favor of avoiding duplicative litigation.   Id.

of the Mainstay Mutual Fund in which The Adherence Group, Inc. ("TAG") had opened accounts on behalf of a number of its employees as part of its executive compensation plan.  There, New York Life alleged that it had no interest in the some $215,000 which it sought to pay into the U.S. District Court for the District of New Jersey and that these monies were subject to numerous competing claims from the company and several of its employees.  Approximately one month later, TAG commenced an action in the Superior Court of New Jersey for Middlesex County against the employees alleging that they had wrongfully appropriated the company's assets including those funds deposited in the Mainstay Mutual Fund.  TAG subsequently moved to have the district court dismiss the cross-claims which its employees had asserted against it in the federal action and to transfer the interpleaded fund to the New Jersey court or, alternatively, to retain the funds while the parties litigated their entitlement to the money in the New Jersey state court action.  The district court granted the motion, finding that since it had earlier granted New York Life's motion for judgment in interpleader and denied the employees' cross-motion for dismissal of the interpleader action, it had already eliminated all of the federal claims in the case and thus TAG was effectively asking it to decline to exercise supplemental jurisdiction over the state law cross-claims.  The employees appealed, contending that the

district court had misinterpreted Section 1335 and in effect improperly "abstained" from the statutory interpleader action.

On appeal, the Third Circuit noted that although the district court had properly undertaken the first step in a §1335 action by granting the judgment in interpleader and thus finding that the requirements of the statute had been met and that the stakeholder could be relieved of liability, it had failed in not undertaking the second step in such matters (adjudication of the adverse claims to the interpleaded funds).  Thus, by finding that the federal claims had been resolved and that it could decline to exercise its supplemental jurisdiction under 28 U.S.C. §1367(c), the district court erred.

The Third Circuit went on to articulate the applicable legal principles to motions seeking dismissal of an interpleader action so as to allow the parties to resolve their dispute over the funds in a pending state court action.  As neither Pullman, Burford nor Younger appeared applicable, the Court looked instead to Colorado River and to Wilton v. Seven Falls Co. 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), and Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.2d 1620 (1942), where the Supreme Court held that district courts have discretion to decline to hear lawsuits brought under the Declaratory Judgment Act, 28 U.S.C. §2201, in favor of pending state actions for reasons of judicial economy, even where they

have jurisdiction.  <u>Wilton</u>, 515 U.S. at 287-288, 115 S.Ct. at
2140.  In so doing, the <u>New York Life</u> Court read <u>Wilton</u> and
<u>Brillhart</u> "to instruct that the exceptional circumstances test is
not universal and will yield in cases where the statute which
grants a district court the authority to decide a matter
justifies a standard vesting district courts with greater
discretion than that permitted under the exceptional
circumstances test of <u>Colorado River</u> ..." <u>New York Life</u>, 72 F.3d
at 379.

     As the language and legislative histories of §§1335 and 2361
were inconclusive as to Congress' intention, the <u>New York Life</u>
Court looked further to the underlying purpose of the
interpleader statute.  Believing that, as was the case with the
Declaratory Judgment Act, "the decision to entertain a[n]
[interpleader] action in view of a pending state action is
committed to the district courts in the first instances because
'facts bearing on the usefulness of the remedy and the fitness of
the case for resolution are particularly within their grasp,'"
the Third Circuit ruled that "the discretionary standard
enunciated in <u>Brillhart</u> governs a district court's decision to
dismiss an action commenced under the interpleader statute during
the pendency of parallel state court proceedings."  72 F.3d at
382, quoting <u>Wilton</u>, 115 S.Ct at 2144.  Applying <u>Brillhart</u> then,

          On remand, the district court should determine, as a
          threshold matter, whether the state court action is indeed

18

"parallel;" that is, whether it encompasses the competing
claims to the Mainstay Mutual Fund monies that are raised
here.  Since the very basis for deference is the avoidance
of needless duplicative litigation, the absence of a
parallel state proceeding, as we have defined it in this
context, would counsel against, if not proscribe, dismissal.
Thereafter, in considering TAG's motion, the district court
should bear in mind that neither the mere pendency of a
parallel state court action nor the mere presence of state
law issues in this case would support dismissal; the court
must remain cognizant of the purpose of the interpleader
statute, ultimately determining where the competing claims
that expose the stakeholder to multiple lawsuits and
liability "can better be settled...."  (Citation omitted).
In this regard, the court should evaluate which forum will
protect the stakeholder more effectively while providing the
claimants with the more efficient, convenient, and
expeditious vehicle to settle their dispute to the fund.  We
would also expect the district court to evaluate the conduct
of the parties in litigating both the federal and state
actions to ensure that procedural fencing, forum shopping or
gamesmanship is not rewarded. We do not intend the
considerations we have enunciated to be comprehensive, and
leave it to the district court to consider any other facts
it finds relevant.

Finally, as the Court noted in <u>Wilton</u>, "where the basis for
declining to proceed is the pendency of a state proceeding,
a stay will often be the preferable course, insofar as it
assures that the federal action can proceed without risk of
a time bar if the state case, for any reason, fails to
resolve the controversy.  (Citation omitted). Accordingly,
the district court should also, consider whether a stay of
this action, rather than a dismissal, is appropriate, in the
event it decides that the parties are to resolve the issues
raised in this action in the state court.

<u>New York Life</u>, 72 F.3d at 382-383.

In application of the preceding factors, we first look to
whether or not this matter is parallel to the Colorado state
court action.  A state action is "parallel" to a federal suit if
both suits involve substantially the same parties and present
substantially the same issues.  <u>Mesirov Gelman v. SVD Realty</u>,

2001 U.S. Dist. 1177 at *5, citing <u>Caminiti v. Iatarola, Ltd. v.</u>
<u>Behnke Warehousing, Inc.</u>, 962 F.2d 698, 700 (7th Cir. 1992) and
<u>New Beckley Mining Corp. v. Int'l Union, UMWA</u>, 946 F.2d 1072,
1073 (4th Cir. 1991).  Here, the parties are alleged to be the
same as those in the lawsuit commenced by the Gerash parties in
the District Court for the City and County of Denver at No. 06-
CV-5328.  Furthermore, the claims in that action involve the
attorneys' fees to which the Gerash law firm and its partners are
purportedly entitled under the Settlement and Release Agreement
of the first Colorado action and the Contingent Fee Agreement
pertaining to that matter.  Thus, we find that the now-pending
action is "parallel" to the one before us.

In next considering which forum will protect the stakeholder
more effectively while providing the claimants with the more
efficient, convenient, and expeditious vehicle to settle their
dispute to the fund, we see no reason why Aetna's interests could
not be effectively protected in the Colorado state court action.
Indeed, it is clear that Aetna is subject to suit there and it
has already participated in the original lawsuit in federal court
there.  The Colorado state court action was initiated first and
while it is not clear from the record before us whether or not it
has done so, it appears from the representations made by all of
the parties in their briefs that Aetna could raise the same
claims which it raises here by way of counter and cross-claim in

20

that suit.  Although the Third Circuit has not specifically designated this factor, it also appears that Colorado is the better locale from the standpoint of convenience to the parties and ease of production of records and evidence, in light of the fact that the claims at issue arise out of a lawsuit which was litigated there and that Colorado is home to four of the parties and far closer to those parties who reside in California and Texas than is the Eastern District of Pennsylvania.

Finally, while we do not necessarily embrace the defendants' assertion that filing this action in this Court necessarily constituted "procedural fencing" and/or "gamesmanship" on Aetna's part, we do question its motivation in doing so given that it articulates no reason why this Court is in any better position to protect its interests than is the Colorado state District Court. All of these factors suggest that the interests of judicial economy are best served by exercising our discretion to abstain from acting further in this matter.  Accordingly, the Gerash defendants' request for abstention shall be granted and we shall stay the proceedings in this case until such time as the proceedings involving these parties in the District Court for the City and County of Denver have concluded.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
AETNA, INC.                     : CIVIL ACTION
                                :
     vs.                        :
                                : NO. 06-CV-2245
ROBERT J. JONES, CAVITAT        :
MEDICAL TECHNOLOGIES, INC.,     :
WALTER L. GERASH LAW FIRM,      :
P.C., WALTER L. GERASH,         :
ANDREW B. REID, JAMES F.        :
SCHERER, CARLOS F. NEGRETE      :
and LAW OFFICES OF CARLOS F.    :
NEGRETE                         :
```

**ORDER**

AND NOW, this   24th    day of January, 2007, upon consideration of the Defendants' Motions to Dismiss or, in the Alternative, for Change of Venue and Plaintiff's Response thereto, it is hereby ORDERED that the Motions of Defendants Robert J. Jones and Cavitat Medical Technologies (Docket No. 19) and Carlos F. Negrete and Law Offices of Carlos F. Negrete (Docket No. 20) are DENIED, the Motion of Defendants Walter L. Gerash Law Firm, P.C., Walter L. Gerash, Andrew B. Reid and James F. Scherer (Docket No. 11) are GRANTED IN PART and DENIED IN PART and all proceedings in this matter are STAYED pending the outcome of the parallel action now pending in the Colorado state District Court for the City and County of Denver at No. 06-CV-5328.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,     J.

22